**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13618

Non-Argument Calendar

_____

BERESFORD A. LANDERS, JR.,

*Petitioner,*

*versus*

BOARD OF IMMIGRATION APPEALS,

*Respondent.*

_____

Petition for Review of a Decision of the
Department of Justice
Agency No. 4128

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Attorney Beresford Landers, Jr. filed this petition for review of an order by the Executive Office for Immigration Review ("EOIR") disbarring him from practice.  The petition cited to the

following: Federal Rule of Appellate Procedure 20; the Administrative Procedure Act ("APA"); 28 U.S.C. §§ 1331, 1391(e); and 8 U.S.C. § 1252(b)(9).

We issued a jurisdictional question asking the parties to address the nature of our jurisdiction over the petition.  The government filed a motion to dismiss the appeal for lack of appellate jurisdiction.  It argues that our jurisdiction in immigration cases is limited to reviewing final orders of removal, such that we do not have jurisdiction to review the EOIR order disbarring Landers.  Landers filed a motion to amend his petition for review which omits the citation to 8 U.S.C. § 1252(b)(9).  He also filed a motion to transfer the case to the Ninth Circuit Court of Appeals.  He did not otherwise respond to the jurisdictional question.

As a threshold matter, we GRANT Landers's motion to amend his petition for review.  Nonetheless, we lack jurisdiction to review the EOIR order disbarring Landers.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.").  First, the Immigration and Nationality Act does not provide jurisdiction over the order because that Act only confers us with jurisdiction over final removal orders.  *See* 8 U.S.C. §§ 1252(a)(1), 1252(b)(9), 1101(a)(47); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005).  Next, Landers cannot invoke our review directly under 28 U.S.C. § 1331 or the APA because there is not any statutory authority for us to review decisions made under the EOIR's disciplinary authority.  *See* 28 U.S.C.

§ 1331; 5 U.S.C. §§ 702-03 (providing that judicial review is available for a person aggrieved by agency action and that the form of proceeding for such review, in the absence of statutory direction, shall be "in a court of competent jurisdiction"); *PPG Indus., Inc. v. Harrison*, 587 F.2d 237, 242 (5th Cir. 1979) ("28 U.S.C. § 1331(a) confers jurisdiction on the federal district courts to review agency action, subject only to preclusion by review statutes."), *rev'd on other grounds*, 446 U.S. 578 (1980); *City of Baton Rouge v. U.S. EPA*, 620 F.2d 478, 480 (5th Cir. 1980) (explaining that the jurisdiction of a court of appeals to review agency orders in the first instance wholly depends upon statutory authorization); *In re School Bd. of Broward Cnty., Fla.*, 475 F.2d 1117, 1118-19 (5th Cir. 1973) (explaining that where a statute is silent as to the appropriate court for review of an agency action, the provisions of the APA are applicable and the action should be brought in the district court, not the court of appeals). Lastly, the other provisions that Landers cites in his amended petition for review do not confer jurisdiction, such that there is no basis for our jurisdiction. *See* Fed. R. App. 15(a)(1), 20; 28 U.S.C. § 1391(a), (e)(1).

Accordingly, we GRANT the government's motion to dismiss, and the petition is DISMISSED. Because no court of appeals is the proper venue for Landers's challenge to the EOIR order, we DENY his motion to transfer the case.